

Wesley M. Nakajima - 0084563
Attorney for Plaintiff

# COURT OF COMMON PLEAS
# CIVIL DIVISION
# BUTLER COUNTY, OHIO

| | | |
|---|---|---|
| **JOHNNY GRAY**<br>1929 Parkamo Avenue<br>Fairfield, Ohio 45015 | : | Case #: |
| Plaintiff | : | |
| vs. | : | Judge: |
| **MENARD, INC.**<br>2865 Princeton Road<br>Hamilton, Ohio 45011 | : | COMPLAINT |
| Serve: **CORPORATION SERVICE COMPANY**<br>50 WEST BROAD STREET<br>SUITE 1330<br>COLUMBUS, OH 43215<br>And | : | |
| **OHIO DEPARTMENT OF MEDICAID**<br>*Serve:* Robert J. Byrne, Esq.<br>Assistant Attorney General<br>Collections Enforcement<br>150 E. Gay Street, 21st Floor<br>Columbus, Ohio 43215-3130 | : | FILED BUTLER RP.<br>COURT OF COMMON PLEAS<br>AUG 30 2017<br>MARY L. SWAIN<br>CLERK OF COURTS |
| Defendants | : | |



EXHIBIT A

## FIRST CAUSE OF ACTION

1. At all times material herein, Defendant, Menard, Inc. (hereinafter referred to as "Menards") was a corporation licensed to and doing business with the State of Ohio specifically at 2865 Princeton Road in Butler County, Ohio.

2. On or about October 16, 2015, Defendant Menards was operating as a for profit business.

3. On or about October 16, 2015, Defendant was open and doing business and permitted invitees onto its premises.

4. On or about October 16, 2015 Plaintiff was an invitee and on the premises of the Defendant Menards.

5. At all times relevant hereto, Defendant Menards had a duty to inspect the premises and to make the premises safe and free from unreasonably dangerous and/or defective conditions which it knew or should have known posed an unreasonable risk of harm to invitees such as Plaintiff.

6. On or about October 16, 2015, Defendant Menards negligently failed to ensure that the premises were safe and free from all dangerous conditions, and defects.

7. On or about October 16, 2015 Defendant Menards negligently maintained the premises at October 16, 2015 in an unreasonable and dangerous condition.

8. On or about October 16, 2015, Defendant Menards had a duty of care to inspect its premises for conditions, which would present a hazard to patrons such as Plaintiff.

9. On or about October 16, 2015, Defendant Menards and is employees had a duty not to act in a negligent and dangerous manner that would put its business invitees at unnecessary risk of harm or danger as a result of Menard's employees negligent actions.

10. On or about October 16, 2015, Defendant Menards breached its duty of care by failing to inspect for a dangerous condition, which was readily discoverable by Defendant.

11. On or about October 16, 2015, Defendant Menards failed to correct a known dangerous condition on the premises of October 16, 2015, which Defendant knew, or should have known, existed.

12. On or about October 16, 2015, Defendant Menards through its agents or employees failed to warn or otherwise notify Plaintiff of a dangerous condition on the premises at 2865 Princeton Road, which Defendant knew, or should have known, existed.

13. On or about October 16, 2015, Defendant Menards through its agents or employees created an unreasonable and dangerous condition on the premises at 2865 Princeton Road. Specifically, a Menard's employee, unexpectedly and without notice, negligently cut a steel band that was holding together a plethora of treated lumber thereby causing the treated lumber to come unfastened and fall onto Plaintiff who was standing nearby.

14. As a direct and proximate result of Defendant Menards' negligence, Plaintiff suffered an injury.

15. As a direct and proximate result of the carelessness and negligence of Defendant, Plaintiff has suffered temporary and permanent bodily injuries, has endured pain and suffering and will continue to do so in the future, has incurred medical expenses in an undetermined

amount and will continue to do so in the future, has incurred lost wages in an undetermined amount and will continue to incur lost wages in the future and has lost the use and enjoyment of his good health.

## SECOND CAUSE OF ACTION

16. Plaintiff realleges the allegations contained in the First Cause of Action as if fully rewritten.

17. Upon information and belief, Defendant Ohio Department of Medicaid (hereinafter referred to as "Medicaid") has paid certain expenses incurred by Plaintiff Johnny Gray as a result of the negligence of Defendant Menards.

18. Defendant Medicaid claims a subrogated interest in the proceeds of this litigation.

Plaintiff states that Defendant Medicaid must set forth its interest herein or forever be barred.

**WHEREFORE** Plaintiff demands judgment against Defendant, Menard, Inc., in an undetermined amount in excess of $25,000.00 (Twenty Five-Thousand Dollars), prejudgment interest to be determined by the Court plus costs and all other relief to which they may be entitled. In addition Plaintiff requests that Defendant Medicaid set forth their subrogated claim or forever be barred.

Respectfully Submitted,
O'CONNOR, ACCIANI & LEVY LPA

*/s/ Wesley M. Nakajima*

---

Wesley M. Nakajima - 0084563
Attorney for Plaintiff
Suite 1600
600 Vine Street
Cincinnati, Ohio 45202
Telephone: 513-241-7111
Facsimile: 513-241-7197
Email: MN@oal-law.com